UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AARON WELLER,                                                                                  Plaintiff,

v.                                                                     Civil Action No. 3:17-cv-P657-DJH

LOUISVILLE METRO DEPT. CORR. *et al.*,                                      Defendants.

\*   \*   \*   \*   \*

## **MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Aaron Weller leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, Plaintiff will be allowed to amend his complaint.

### **I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at the Louisville Metro Department of Corrections (LMDC). He brings this action against three LMDC correctional officers in their official capacities – Officer Graydon, Officer Ewald, and Sergeant Phillips.[1]

Plaintiff alleges that the following occurred on September, 27, 2017:

> [Defendant] Graydon advised/instructed me to step in the dorm in which I was housed. I complied. As I was doing so, [Defendant] Graydon initiated contact by pushing me in the dorm. I asked why I was being pushed, then [Defendant] Graydon removed me from the dorm and proceeded to handcuff me, while handcuffing me, [Defendant] Graydon pushes my head into the window of the adjacent dorm. The impact of said action caused damage to two of my front teeth.

---

[1] Although Plaintiff captions his complaint "Weller v. LMDC," he does not name LMDC as a defendant in the "Defendants" section of the complaint form. However, any claim against LMDC is the equivalent of Plaintiff's official-capacity claims, which are actually against Jefferson County, and would therefore be dismissed for the reasons set forth below. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at \*2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

As an inmate who was not aggressive nor non responsive to the officers orders my right to be free from excessive force by an officer while conducting an inmate removal was violated, and also the right to a safe and threat free environment when for no provocated reason [Defendant] Graydon abused his powers in causing permanent physical damage to my facial structure.

After talking with the sergeant for that shift, [Defendant] Phillips, and pictures were taken, I was given no medical treatment for the damage. I am not sure if [Defendant] Phillips even wrote a report. At the present moment, I still continue to suffer physical pain and no one from the jail has spoken to me about the incident. I'm also claiming that my right to medical attention after receiving injuries from an officer was denied which is resulting in more or extended pain, and that I place squarely on the responsibility of [Defendant] Phillips.

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As written, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff has sued Defendants Graydon, Ewald, and Phillips in their official capacities only. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an

3

entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691n.55 (1978). Thus, Plaintiff's official-capacity claims against the three Defendants, as employees of LMDC, are actually against their employer, Jefferson County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691.

Here, Plaintiff claims that Defendant Graydon violated his constitutional rights by using excessive force against him and that Defendant Phillips violated his constitutional rights by denying him medical care for his resulting injuries. However, Plaintiff does not claim that a custom or policy of Jefferson County was the "moving force" behind either of these alleged constitutional violations. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Thus, Plaintiff's official-capacity claims against the three Defendants must be dismissed for failure to state a claim upon which relief may be granted.

The Court, however, will give Plaintiff the opportunity to amend his complaint to avoid dismissal by suing Defendants in their individual capacities. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to

4

dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff chooses to file an amended complaint, he should describe any alleged actions taken by Defendant Ewald which Plaintiff believes violated his constitutional rights since Plaintiff does not mention Defendant Ewald in the body of his complaint. *See, e.g.*, *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint**. **To proceed with this action, Plaintiff must indicate whether he intends to sue any Defendant in his individual capacity. Plaintiff should also describe any alleged actions taken by Defendant Ewald which Plaintiff believes violated his constitutional rights.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption.

Date: December 13, 2017

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011